# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| ROBERT R. RULE, | ) |
| | ) |
| Plaintiff, | ) Case No.: 2:10-cv-01170-GMN-RJJ |
| vs. | ) |
| | ) **ORDER** |
| CAREY D. FRAHM; LOU SOMERVILLE TRUCKING, INC., a Domestic Corporation; DOES 1 through 5, and ROE CORPORATIONS 1 through 5, inclusive, | ) |
| | ) |
| Defendants. | ) |

## INTRODUCTION

Before the Court is Defendants Carey D. Frahm and Lou Somerville Trucking, Inc.'s Motion to Dismiss (ECF No. 8). Plaintiff Robert R. Rule filed a Response (ECF No. 9) on October 8, 2010 and Defendants filed a Reply (ECF No. 10) on October 18, 2010.

Also before the Court is Defendants' Motion to Strike (ECF No. 13) Plaintiff's First and Second Supplemental Oppositions (ECF No. 11 & 12) to Defendants' Motion to Dismiss. Plaintiff filed a Response (ECF No. 14) on November 22, 2010 and Defendants filed a Reply (ECF No. 15) on December 2, 2010.

## FACTS AND BACKGROUND

This case arises from a motor vehicle accident which occurred on August 17, 2008 in Humboldt County, Nevada. Plaintiff filed suit on July 15, 2010 in the unofficial southern division of the United States District Court of Nevada based on diversity of citizenship. Plaintiff is a citizen of the state of Texas. (Complaint ¶1, ECF No. 1). However, Plaintiff's complaint does not state where Defendant Frahm resides. (*Id.* at ¶2). Plaintiff does allege that Defendant Lou Somerville Trucking, Inc. is an Iowa Corporation. (*Id.* at ¶3). Plaintiff

1   also only alleges damages in excess of $10,000. (*Id.* at ¶11).

2       Defendants claim in their Motion to Dismiss that the Court lacks subject matter
3   jurisdiction and that venue is improper (ECF No. 8).  Defendants also move to have
4   Plaintiff's Responses stricken as improper because after Defendants filed their Reply in
5   accordance with Local Rule 7-2, Plaintiff then filed two additional supplemental Responses
6   (ECF No. 11 and 12).

## DISCUSSION

**A.   Motion to Strike**

9       Local Rule 7-2(a)-(c), allows a motion, a response and a reply.  No provision is made
10  for the filing of a sur-reply. *See, e.g.*, *Garrison v. Northeast Ga. Med. Ctr., Inc.*, 66
11  F.Supp.2d 1336, 1340 (N.D.Ga.1999)(the FRCP do not authorize sur-replies).  Defendants
12  request the Court to strike Plaintiff's supplemental responses (ECF No. 11 and 12) because
13  Plaintiff did not gain leave of court to file the responses.

14      Plaintiff attaches the accident report to his First Supplemental Response to show
15  Defendant Frahm's citizenship.  Then, Plaintiff explains the amount of damages incurred by
16  Plaintiff in an effort to demonstrate that the amount in controversy exceeds $75,000.  Finally,
17  Plaintiff explains that there exists another reason why venue is proper that was missing from
18  his initial Response.  In Plaintiff's Second Supplemental Response, Plaintiff asks the Court
19  to transfer venue to the Northern District of Nevada instead of dismissal.

20      If a Court were to allow a party to file supplemental arguments and evidence
21  whenever they wish it would subvert the local rules that are in place to ensure timely
22  responses.  Plaintiff fails to give any reasons why the arguments he makes or the evidence he
23  presents in these two Supplemental Responses were not given in his Response.  Accordingly,
24  the Court STRIKES Plaintiff's Supplemental Responses (ECF No. 11 and 12).

25  / / /

**B.     Motion to Dismiss**

    **1.     Subject Matter Jurisdiction**

Fed. R. Civ. P. 12(b)(1) mandates dismissal whenever it appears that the court lacks jurisdiction of the subject matter.  When ruling on a motion to dismiss under Rule 12(b)(1), the court is not limited to the allegations of the pleadings.  Rather, the court may hear evidence regarding jurisdiction and rule on that issue before trial, resolving factual disputes where necessary. *Augustine v. United States*, 704 F.2d 1074, 1077 (9th Cir. 1983).  Unlike a motion to dismiss for failure to state a claim, the court may consider extrinsic evidence regarding a motion to dismiss for lack of subject matter jurisdiction without converting the motion into one for summary judgment. *Trentacosta v. Frontier Pac. Aircraft Indus.*, 813 F.2d 1553, 1558 (9th Cir. 1987).

District courts have subject matter jurisdiction over civil actions arising under federal law, *see* 28 U.S.C. § 1331, or where no plaintiff is a citizen of the same state as a defendant and the amount in controversy exceeds $75,000.00, *see* 28 U.S.C. § 1332(a).  The burden of establishing subject matter jurisdiction is on the party invoking the federal court's jurisdiction.  *Abbott v. United Venture Capital, Inc.*, 718 F.Supp.823, 836 (D.Nev. 1988) (citing *Lew v. Moss*, 797 F.2d 747, 749 (9th Cir. 1986) and *Safeco Ins. Co. v. Mirczak*, 662 F. Supp. 1155, 1156 (D.Nev. 1987)).  In this case, plaintiff's claims all arise under state law; therefore, subject matter jurisdiction is based on diversity of citizenship.

Plaintiff does not properly plead diversity jurisdiction in his Complaint.  First, Plaintiff fails to state that his damages are in excess of $75,000.  Instead Plaintiff claims that his damages exceed $10,000.  Second, Plaintiff fails to state that Defendant Frahm is not a citizen of Texas.  It appears from the face of the Complaint that this Court lacks subject matter jurisdiction.  Thus, Plaintiff's Complaint will be DISMISSED without prejudice and with leave to amend.

**2.   Venue**

When federal jurisdiction is based upon diversity of citizenship, 28 U.S.C. § 1391(a) specifies that venue will lie in:

> (1) a judicial district where any defendant resides, if all defendants reside in the same State,
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or
> (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.

Section two provides that jurisdiction will lie in a judicial district where a substantial part of the events giving rise to the claim occur, not all of the events. In tort actions, venue lies were the *parties acted* or where the *injuries occurred*. *See Myers v. Bennett Law Offices*, 238 F.3d 1068, 1076 (9th Cir. 2001); *Bates v. C & S Adjusters, Inc.*, 980 F.2d 865, 867-68 (2d Cir.1992).

The State of Nevada constitutes one judicial district but it has two unofficial divisions: southern and northern. LR IA 6-1. Local Rule IA 8-1 states that "[c]ivil actions shall be filed in the clerk's office for the division of the court in which the action allegedly arose."

According to Plaintiff's Complaint, the accident occurred while Plaintiff's vehicle was parked on interstate 80, in Humboldt County, Nevada. (Complaint at ¶9). Humboldt County is located in the northern division of the District of Nevada. Plaintiff argues that venue is proper in the southern division because a substantial portion of Plaintiff's damages arise from the medical services he received in Clark County, Nevada which is in the southern division. Therefore, Plaintiff argues that venue is proper in the southern division based on the availability of witnesses and evidence but without citing to any legal rules or authority.

Therefore, the Court is not persuaded by Plaintiff's arguments. The events that give

rise to claim occurred in Humboldt County.  Venue is proper in the northern division. Pursuant to 28 U.S.C. § 1406(a)(2) the Court transfers this case to the Northern Division of the District of Nevada in the interests of justice.

## CONCLUSION

**IT IS HEREBY ORDERED** that Defendants Motion to Strike (ECF No. 13) is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendants Carey D. Frahm and Lou Somerville Trucking, Inc.'s Motion to Dismiss (ECF No. 8) is **GRANTED in part**.

**IT IS FURTHER ORDERED** that Plaintiff's Complaint is **DISMISSED without prejudice**.  Plaintiff has until **Wednesday, May 18, 2011**, to amend the complaint to assert Defendants Frahm's citizenship and the amount in controversy.

**IT IS FURTHER ORDERED** that this case is **TRANSFERRED** for reassignment to a Judge sitting in the northern division of the District of Nevada.

DATED this 3rd day of May, 2011.

_____
Gloria M. Navarro
United States District Judge